IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>ARMANDO MEDINA-VARGAS,<br><br>                Defendant. | 8:15CR52<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Filing No. 42. The government has answered and objected to the motion. Filing No. 47. The transcripts for both the plea and sentencing are filed. Filing Nos. 48 and 49.

### BACKGROUND

The government charged defendant in a two count indictment with conspiracy to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846, and possession of 50 grams or more of actual methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). Filing No. 1. Both offenses carry a statutory mandatory minimum sentence of 10 years, and were punishable by up to life imprisonment, a $10,000,000 fine, and not less than 5 years of supervised release. Attorney Adam Sipple represented the defendant.

On September 1, 2015, Medina pleaded guilty to the conspiracy charge. Filing No. 24. In the Petition to Plead, Medina stated that he had sufficient time to discuss the case with his attorney, that he told his attorney everything about the case, and that he

was satisfied with the job his attorney had done for him.  Filing No. 26 at ECF p.2.  He further acknowledged that he understood the charges against him, and that he knew he had a right to plead not guilty.  *Id.* at 2-3.  He indicated he understood the penalties he faced, including the 10-year statutory minimum sentence.  Filing No. 26 at ECF p. 6.

In the plea agreement the government agreed to dismiss Count II.  The elements and the facts were in the plea agreement.

> The parties stipulated to a few facts regarding the application of the Sentencing Guidelines.  The parties agreed to a drug quantity which would establish a base offense level of 34, that the defendant would receive a 3 level reduction for acceptance of responsibility, and that Medina was not eligible for the safety valve.  Filing No. 27 at ECF pp. 3-4.  The original Plea Agreement stated that Medina would not request any departures or variances from a Guideline sentence.  The Plea Agreement shows that provision was changed, by interlineation, to allow Medina to pursue any departure or variance motions.  Filing No. 27 at ECF pp. 4-5.  In the Plea Agreement, Medina certified that he had read the agreement, that he discussed the terms of the agreement with his attorney, and that he fully understood its meaning and effect.  Filing No. 27 at ECF p.8.

Government Brief, Filing No. 47 at 2.  Following preparation of the PSR, the base offense level was a 34 and defendant received a 3 level reduction for acceptance of responsibility.  He had 4 criminal history points and fell in a criminal history category of III.  The guideline range was 135-168 months, and defendant made no objections to the PSR.  At sentencing Mr. Sipple requested a departure and asked the court to impose the statutory mandatory 10 year minimum.  The court did so.

Defendant files this § 2255 motion alleging:  (1) he "[d]id not fully understand the reason why the sentence was so harsh."  Filing No. 42 at ECF p.4; and (2) he does not

believe that Mr. Sipple "did the best job in making sure that he [Medina] got the best possible sentence." *Id.*

### STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States,* 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)).  Ineffective assistance of counsel issues are appropriately raised in collateral proceedings.  See *United States v. Hughes,* 330 F.3d 1068, 1069 (8th Cir. 2003).  "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison,* 477 U.S. 365, 374 (1986).  Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right.  See *Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal of right).  The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984).  In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the

3

proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States,* 595 F.3d at 852 (quoting *Alaniz v. United States,* 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010) (quoting Strickland, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland,* 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King,* 595 F.3d at 853.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault,* 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland.*" *Alaniz,* 351 F.3d at 368; *see also United States v. Spigner,* 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54.

4

**INEFFECTIVE ASSISTANCE OF COUNSEL**

The Court first finds that no evidentiary hearing is necessary in this case.

> A § 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Watson v. United States, 493 F.3d 960, 963 (8th Cir.2007) (internal quotations and citation omitted).

Sinisterra v. United States, 600 F.3d 900, 906 (8th Cir. 2010). The court finds the claim is inadequate on its face and the record affirmatively shows there is no ineffective assistance during the plea and sentencing phases of this case. Defendant plead guilty, he agreed he was guilty, he acknowledged the mandatory minimum sentence, and the request for a below guideline sentence saved him at least 15 months of incarceration. Defendant offers not a single fact that supports his claim of ineffective assistance of counsel.

A defendant must knowingly and voluntarily enter into the plea agreement for it to be valid. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement." Andis, 333 F.3d at 890-91. The record shows the court questioned defendant extensively about his plea agreement to ensure that he understood what rights he was giving up. Defendant, during his plea hearing, also indicated he talked with his attorney, was satisfied with his attorney, and agreed he should plead guilty. He also told this court that he understood the minimum 10 year sentence. Filing No. 48,

5

6:14-25; 7:20-9:19. Defendant indicated that he understood his plea agreement and thereafter pled guilty. Defendant has not shown that counsel's actions were deficient nor that there is a reasonable probability of a different outcome. Accordingly, the Court finds that the record is sufficient to dismiss defendant's claims.

THEREFORE, IT IS ORDERED THAT defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 42, is denied. A Judgment will enter in conjunction with this Memorandum and Order.

Dated this 23rd day of January, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge