IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>ARMANDO MEDINA-VARGAS,<br>                    Defendant. | **8:15CR52**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant's motion for compassionate release. Filing No. 52. The Defendant seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Under the law, it matters not that the COVID-19 pandemic creates a great health risk to many prisoners. Administrative exhaustion under the Act is a jurisdictional prerequisite to this Court making a decision as to compassionate relief. The defendant has not shown that he exhausted his administrative rights as required under the law. The Court will give him 60 days from the date of this order to show he has exhausted his rights. Additionally, the defendant has not provided a suggested place of home detention. Likewise, he will have 60 days from the date of this order to provide the Court with the

1

name, relation, and address of whom he would be able to stay with if compassionate release was granted.

The Court will appoint the Federal Public Defender's Office to oversee this case. The Court will order the United States Probation office to prepare an investigative report, review the relevant medical records and provide the Court with any additional relevant records not included in the filing, and conduct a review of the suggested home detention placement.  The Court will likewise order the government to file its response.

**THEREFORE, IT IS ORDERED THAT**:

1. The defendant shall have 60 days from the date of this order to file and exhaust his administrative rights with the Bureau of Prisons.  Failure to document the filing of the administrative request with the Bureau of Prisons as well as either the response by the Bureau of Prisons or a showing of the passage of 30 days, may result in the dismissal of the motion for compassionate release.

2. The defendant shall have 60 days from the date of this order to provide the Court with information, including name, relation, and address, of where he would stay if granted compassionate release.

3. The Public Defender's office, Dave Stickman, is appointed to represent the defendant and file any appropriate documents or briefs.

4. The United States Attorney's office, Steven Russell, shall have 14 days from the date that defendant shows he has exhausted his administrative remedies in which to then file a responsive brief; and

5. The United States Probation Office, Doug Steensma, is ordered to review the defendant's motion and Bureau of Prison records and file an investigative

report within 30 days after the defendant shows he has exhausted his administrative remedies.

Dated this 28th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge